IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LEWIS LAMONT JOHNSON,<br><br>Defendant. | No. 4:24-cr-17-12 |

## SENTENCING POSITION OF THE UNITED STATES

The United States of America, by and through its attorney, Alyson C. Yates, Special Assistant United States Attorney, hereby submits its position with respect to sentencing in this matter. The United States has reviewed the Presentence Investigation Report (PSR), ECF No. 509, and does not object to any of the facts or factors therein.

The defendant pled guilty to the lesser included offense of Count One of the Superseding Indictment in the above-captioned matter, conspiracy to distribute and possess with intent to distribute cocaine, fentanyl, heroin, and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(B). As calculated in the PSR, the defendant's Sentencing Guidelines range, based on a Total Offense Level of 21 and a Criminal History Category of I, is 37–46 months.

For the reasons set forth herein and the reasons to be offered during the sentencing hearing, the United States respectfully requests that the Court impose a sentence of 46 months' imprisonment. Such a sentence would be sufficient, but not greater than necessary, to accomplish the sentencing objectives set forth in 18 U.S.C. § 3553(a).

## BACKGROUND

As set forth in the PSR, the Superseding Indictment in this case resulted from a years-long investigation into a drug trafficking organization (DTO) responsible for the distribution of large quantities of cocaine, fentanyl, heroin, and cocaine base in the Hampton Roads area of Virginia and elsewhere. PSR ¶ 26. During the course of the investigation, in 2023, the investigative team gained court authorization to intercept wire and electronic communications occurring over multiple telephones utilized by the defendant's coconspirator, Carlos Bailey. *Id.* ¶¶ 26–27. On several occasions, the defendant was recorded on T-III intercepts talking to Bailey about their cocaine distribution activities. *Id.* ¶ 26.

The T-III and other investigatory methods revealed that the defendant was a client of Bailey's and would receive distribution quantities of cocaine from Bailey for purposes of redistribution. *Id.* Bailey began providing the defendant with cocaine when Bailey was being supplied by Otis Patterson prior to Patterson's arrest in November 2021. *Id.* ¶¶ 25 and 27; *see* Case No. 4:21-cr-82. The defendant was again supplied with cocaine by Bailey in 2023, in quantities ranging from 4.5 ounces to 500 grams at a time. PSR ¶ 27. In total, it is estimated that Bailey supplied the defendant with approximately 4 kilograms of cocaine. *Id.* And on one occasion in November 2023, the defendant came into direct contact with one of Bailey's sources of supply, demonstrating the defendant's close relationship with Bailey. *Id.* ¶ 26.

Based on this conduct, the defendant was indicted on the following charges: (1) Conspiracy to Distribute and Possess with Intent to Distribute Cocaine, Fentanyl, Heroin, and Cocaine Base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) and (C) (Count 1); and (2) Use of a Communication Facility in Furtherance of Drug Trafficking, in violation of 21 U.S.C. § 843(b) (Count 20). ECF No. 86.

On February 12, 2025, the defendant pled guilty to the lesser included offense of Count One pursuant to a written plea agreement. ECF Nos. 382 and 383. This offense carries a mandatory minimum term of imprisonment of 5 years and up to 40 years' imprisonment. Because the defendant meets the criteria set forth in 18 U.S.C. § 3553(f), however, the Court is authorized to "impose a sentence pursuant to [the] guidelines . . . without regard to any statutory minimum sentence." 18 U.S.C. § 3553(f); *see also* U.S.S.G. § 5C1.2. Sentencing is scheduled for June 18, 2025.

## **POSITION ON SENTENCING**

Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing guidelines are "effectively advisory." *Id.* at 245. Nonetheless, the advisory nature of the Guidelines "does not mean that they are irrelevant to the imposition of a sentence." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006); *see also United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006). Indeed, the Guidelines "seek to embody the § 3553(a) considerations, both in principle and in practice." *Rita v. United States*, 551 U.S. 338, 350 (2007). Thus, a sentencing court "must consult [the] Guidelines and take them into account when sentencing" to "provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities." *Booker*, 543 U.S. at 264 (internal quotation omitted); *United States v. Biheiri*, 356 F. Supp. 2d 589, 593 (E.D. Va. 2005).

A sentencing court should first calculate the range prescribed by the sentencing guidelines after making the appropriate findings of fact. *See United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Following that calculation, a sentencing court must then "consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence." *Id.*

### A. The Advisory Guidelines Range

In calculating the offense level, Probation assigned a base offense level of 28 under U.S.S.G. § 2D1.1(a)(5), (c)(6). PSR ¶ 34. Two points were subtracted pursuant to U.S.S.G. § 2D1.1(b)(18) because the defendant meets the criteria set forth in U.S.S.G. § 5C1.2, *id.* ¶ 35, and three points were subtracted due to the defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, *id.* ¶¶ 40–41. Finally, two additional points were subtracted because the defendant is a "Zero-Point Offender" under U.S.S.G. § 4C1.1(a), (b). *Id.* ¶ 42. Therefore, the defendant has a total offense level of 21. *Id.* ¶ 43.

The probation officer also calculated a criminal history level for the defendant, and the United States agrees that those calculations are accurate. The defendant's criminal history includes the following adult convictions, with criminal history points noted in parentheses: assault and battery of a family member and assault and battery (0); assault and battery and trespassing (0); petit larceny (0); assault and battery (0); contempt of court (0); and no operator's license (0). *Id.* ¶¶ 47–52. In total, the defendant has zero criminal history points and a criminal history category of I. *Id.* ¶¶ 53–54. Thus, the defendant's sentencing guidelines range is 37–46 months. *Id.* ¶ 86.

### B. Section 3553(a) Factors

After the Court has properly calculated the Guidelines range and ruled upon all departure motions, the Court must then consider the factors identified in 18 U.S.C. § 3553(a) to fashion a reasonable sentence. *Gall v. United States*, 552 U.S. 38 (2007). Here, the § 3553(a) factors discussed below support a sentence of 46 months' imprisonment.

#### 1. Nature and Circumstances of the Offense

Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. 18

4

U.S.C. § 3553(a)(1). As outlined above and detailed in the PSR, the defendant worked with other members of this DTO to distribute significant amounts of cocaine in the Eastern District of Virginia in 2023. PSR ¶ 26. The defendant personally received around 4 kilograms of cocaine from his source of supply, Carlos Bailey, for the purpose of redistribution over the course of multiple years. *Id.* ¶¶ 26–27. The defendant's offense conduct posed a serious danger to the community and supports a sentence of 46 months.

  2. **History and Characteristics of the Defendant**

The defendant, who is now forty-four years old, was born in Suffolk. *Id.* ¶ 59. He does not know the identity of his biological father and was raised by his mother, along with her four other children. *Id.* He experienced some trauma as a child and young adult, including domestic violence, drug activity, and the death of his younger brother. *Id.* ¶¶ 61, 63, and 66. When the defendant was 18 years old, he moved in with the mother of his first child. *Id.* ¶ 64. The defendant has six children. *Id.* ¶ 72. He married his wife in 2011, and they have no children in common. *Id.* ¶ 70. The defendant's wife and mother remain supportive of him. *Id.* ¶ 58.

As to the defendant's health, the defendant reported that he has been treated for high blood pressure and asthma since 2018. *Id.* ¶ 75. He has no history of any other serious or chronic medical conditions. *Id.* He was treated for anxiety beginning in 2018 and also has undergone some treatment for substance abuse. *Id.* ¶¶ 77–78. The defendant first consumed alcohol at age 13 and has engaged in varying levels of drinking since that time. *Id.* ¶ 78. He first used marijuana as a teenager and typically used marijuana on a weekly basis until around a week prior to his arrest in this case. *Id.* The defendant additionally used powder cocaine a few times and Vicodin regularly for a couple of months in 2010. *Id.*

With regard to the defendant's educational and employment record, the defendant reported that he withdrew from school in the 8th grade, but he earned his General Educational Development (GED) in 2010.  *Id.* ¶ 79.  The defendant worked full time as a shop technician starting in 2018 until the time of his arrest in September 2024, and he previously worked as a welder beginning in 2015.  *Id.* ¶¶ 80–81.

Finally, as summarized above, although the defendant has zero criminal history points, he has several prior convictions, including: assault and battery of a family member and assault and battery (2005); assault and battery and trespassing (2005); petit larceny (2006); assault and battery (2006); contempt of court (2007); and no operator's license (2016).  *Id.* ¶¶ 47–52.  Thus, while the defendant qualifies as a "Zero-Point Offender," he does not come before this Court with a spotless criminal record.  The defendant's 2005 convictions for assault and battery of a family member, assault and battery, and trespassing stem from a domestic violence incident during which the defendant assaulted the mother of his child and her mother with a piece of plumbing pipe, hitting them in the face and the leg, respectively.  *Id.* ¶¶ 47–48.  The mother of his child was observed with a swollen jaw and a busted lip.  *Id.* ¶ 47.  There is limited information regarding the defendant's other prior convictions, but it is worth noting that the defendant's petit larceny conviction was originally charged as felony destruction of property.  *Id.* ¶ 49.  Similarly, his 2007 conviction for contempt of court was originally charged as felony destruction of property.  *Id.* ¶ 51.  He also was charged with possession of a controlled substance in 2007, but that charge was dismissed for unknown reasons.  *Id.* ¶ 57.

Taken as a whole, the defendant's history and characteristics support a sentence of 46 months' imprisonment.  The defendant experienced a somewhat difficult childhood and young adulthood, and he has a history of gainful employment, as well as the support of family members.

His criminal history score arguably underrepresents his criminal record, however. Thus, on balance, this § 3553(a) factor justifies a sentence of 46 months.

### 3. Need to Reflect the Seriousness of the Offense, Provide Just Punishment, and Afford Adequate Deterrence

The Court must also weigh the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate specific and general deterrence. 18 U.S.C. § 3553(a)(2). In these respects, the Government submits that a sentence of 46 months is appropriate.

The defendant's conduct in this case demonstrates a need for specific deterrence. The defendant began working with Bailey to distribute cocaine prior to November 2021, and again in 2023. This long-term pattern of drug distribution indicates that a lengthy term of imprisonment is needed to serve the goal of specific deterrence.

A sentence of 46 months is likewise appropriate to establish the goal of general deterrence and will hopefully encourage others to reconsider before engaging in drug distribution. A substantial penalty in this case is needed to provide the appropriate disincentives to those contemplating similar criminal conduct. *See, e.g.*, *United States v. Morgan*, 635 F. App'x 423, 450 (10th Cir. 2015) ("General deterrence comes from a probability of conviction and significant consequences. If either is eliminated or minimized, the deterrent effect is proportionately minimized."); *United States v. Bergman*, 416 F. Supp. 496, 499 (S.D.N.Y. 1976) (stating that absent a meaningful term of imprisonment, general deterrence—"the effort to discourage similar wrongdoing by others through a reminder that the law's warnings are real and that the grim consequence of imprisonment is likely to follow"—will not be achieved). A sentence of 46 months will send a necessary message to those individuals who may be inclined, as was the defendant, to

distribute dangerous controlled substances. Such a sentence also reflects the seriousness of the defendant's offense conduct and will appropriately punish the defendant.

### 4. Need to Protect the Public

The defendant's conduct in this case reflects a considerable danger to society. *See* 18 U.S.C. § 3553(a)(2)(C). Cocaine trafficking, as engaged in by the defendant and his coconspirators, puts members of the community at risk. It is well-established that cocaine has "strong addictive potential" and causes severe physical and psychological effects on users. *See* Cocaine, United States Drug Enforcement Administration, https://www.dea.gov/factsheets/cocaine. Thus, this § 3553(a) factor also supports a sentence of 46 months.

### 5. Need to Avoid Unwarranted Sentence Disparities

Codefendants in the above-captioned matter have been sentenced by this Court to terms of imprisonment spanning from 60 to 120 months. Although the Court may impose a sentence below the mandatory minimum of 60 months in this case because the defendant meets the criteria set forth in § 3553(f), a sentence less than the high-end of the Guidelines would result in unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a)(6).

### **CONCLUSION**

For the reasons discussed above, the United States respectfully requests that the Court sentence the defendant to a term of imprisonment of 46 months. Such a sentence takes into consideration each of the relevant factors set forth in 18 U.S.C. § 3553(a), to include the

seriousness of the offense, the history and characteristics of the defendant, the need for deterrence, and the need to protect the public.

Respectfully Submitted,

Erik S. Siebert
United States Attorney

By:       /s/
Alyson C. Yates
Special Assistant United States Attorney
United States Attorney's Office
One City Center
11815 Fountain Way, Suite 200
Newport News, Virginia 23606
Office: (757) 591-4026
Fax: (757) 591-0866
Email: Alyson.Yates@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on June 4, 2025, I electronically filed a copy of the foregoing with the clerk of the court using the CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/
Alyson C. Yates
Special Assistant United States Attorney